Matter of Chichester (Northeast Logistics, Inc.--Commissioner of Labor) (2022 NY Slip Op 02467)

Matter of Chichester (Northeast Logistics, Inc.--Commissioner of Labor)

2022 NY Slip Op 02467

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532935
[*1]In the Matter of the Claim of Sledge Chichester, Respondent. Northeast Logistics, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Dorf & Nelson LLP, Rye (David S. Warner of counsel), for appellant.
Salvatore C. Adamo, Albany, for Sledge Chichester, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Ceresia, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 10, 2020, which ruled that Northeast Logistics, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Northeast Logistics, Inc. (hereinafter NEL)[FN1] is a logistics company that retains a list of drivers that it connects with its clients to perform, as is relevant here, delivery services. Claimant entered into an owner operator agreement with NEL and delivered automobile parts for one of NEL's clients. After claimant ceased providing delivery services, he applied for unemployment insurance benefits and the Department of Labor — noting, among other things, that prior decisions had found individuals performing similar services to be NEL employees — issued a determination finding that claimant was an employee of NEL and that NEL was liable for remuneration paid to claimant and others similarly situated. NEL objected and, following hearings, an Administrative Law Judge sustained the Department of Labor's determination. The Unemployment Insurance Appeal Board affirmed, and these appeals ensued.
We affirm. It is well settled that "[w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Fiorelli [Stallion Express, LLC-Commissioner of Labor], 201 AD3d 1045, 1046 [2022] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]; see Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1065 [2022]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137 [internal quotation marks and citations omitted]; accord Matter of Fiorelli [Stallion Express, LLC-Commissioner [*2]of Labor], 201 AD3d at 1047).
The record establishes that NEL's operations manager would contact a driver, such as claimant, informing him or her about the location and pay for a delivery. Deliveries were expected to be made as soon as possible and, in some cases, delivered the same day. The client would notify NEL if a delivery was not made. Drivers could buy a shirt identifying themselves as working for NEL. Significantly, documents signed by claimant included an acknowledgment that he was prohibited from engaging in sexual harassment and that any reports of such conduct by a driver would be thoroughly investigated by NEL and the results reported to the client. Other documents reflect that NEL could perform a background investigation on claimant and that it deducted a set fee from claimant's pay for each day he made deliveries. Pursuant to an addendum to the owner operator agreement, NEL precluded drivers such as claimant from disclosing trade secrets and prohibited drivers from working directly or indirectly for clients to which they provided services for a period of one year within the maximum territory for delivery opportunities offered by such clients. Although the record contains evidence to support a contrary conclusion, substantial evidence nevertheless supports the Board's decisions finding that NEL exercised, or had the option to exercise, sufficient supervision and control over claimant and those similarly situated to establish an employer-employee relationship (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137-138; Matter of Rivera [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]; but see Matter of Pasini [Northeast Logistics, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]).
We are unpersuaded by NEL's contention that reference to unspecified testimony and evidence in prior matters involving NEL and other delivery drivers warrants reversal of the Board's decisions because such testimony and evidence were not admitted into evidence at the instant hearing. Disregarding any reference to such prior matters, the evidence presented at the instant hearing provides the requisite substantial evidence to support the Board's decisions. We have reviewed NEL's remaining contentions and find them to be without merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Northeast is also known as Diligent Delivery Systems.